# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA G. COLOMBO,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:10-cv-01206-PMP-PAL<br><br>**REPORT OF FINDINGS AND<br>RECOMMENDATION** |

　　　　This matter is before the court on Plaintiff Christina G. Colombo's failure to comply with this court's Order (Dkt. #14) and Order to Show Cause (Dkt. #15).

　　　　On December 17, 2010, the court granted attorney Michael R. Mushkin's motion to withdraw as counsel of record and gave Plaintiff until January 3, 2011, in which to retain counsel or file a notice with the court that she would appear *pro se*. *See* Order, Dkt. #14. The Order directed the Clerk of the Court to serve Plaintiff with a copy of the order at her last known address provided by her former counsel and advised Plaintiff that her failure to timely comply with the order "may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions." Plaintiff failed to either retain counsel or file a notice with the court that she will be appearing in this matter *pro se* and did not request an extension of time in which to comply with the court's Order.

　　　　On January 10, 2011, the court entered an Order to Show Cause (Dkt. #15) based on Plaintiff's failure to comply with the court's previous Order (Dkt. #14). The court directed Plaintiff to show cause in writing no later than January 24, 2011, why she had not complied with the court's Order (Dkt. #14). Plaintiff has failed to file a response to the Order to Show Cause (Dkt. #15), and she has not requested an extension of time in which to do so. If Plaintiff has not been able to retain counsel she need only file a simple statement with the court to that effect indicating that she will be appearing pro se, ie,

representing herself in this case. Plaintiff's willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Plaintiff has wilfully refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to prosecute and failure to comply with the court's orders unless Plaintiff either retains counsel who files a notice of appearance before **February 17, 2011**, or files a notice that she will appear *pro se* before **February 17, 2011**.

Dated this 31st day of January, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.